# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:10CR49** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **MAURICE L. WATSON,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motion to withdraw his guilty plea and request for a hearing (Filing No. 29). The Court has considered the supporting brief (Filing No. 30) and the government's response (Filing No. 32).

## FACTUAL BACKGROUND

On February 18, 2010, the Defendant, Maurice L. Watson, was charged in the Indictment with: conspiring to distribute and possess with intent to distribute 5 grams or more of a mixture or substance containing crack cocaine (Count I); and four counts alleging the distribution of a mixture or substance containing crack cocaine (Counts II through V). The government's attorney represents that he timely complied with his "Rule 16" discovery deadline. (Filing No. 32, at 1.) On April 23, 2010, Magistrate Judge F.A. Gossett granted Watson's motion to disclose the identity of the confidential informant ("CI") 10 days before trial. Otherwise, the motion was denied. The government's attorney represents that during the hearing on the motion, he had no objection to providing material discoverable under *Brady v. Maryland,* 373 U.S. 83 (1963), *Giglio v. United States,* 405 U.S. 150 (1972), and the Jencks Act, 18 U.S.C. § 3500, with respect to any informant intended to be a witness in the government's case ten days before trial. (Filing No. 32, at 1.) On May 5, 2010, Watson's change of plea hearing was scheduled.

On June 7, 2010, Watson pleaded guilty before the undersigned to Count I of the Indictment.[1]  Therefore, Watson faces a statutory imprisonment term of 5 to 40 years.  The government attorney's recitation at the plea hearing includes information regarding controlled purchases by the CI from Watson on four separate dates for amounts of 2.9, 2.6, 5.2, and 2.8 grams of crack cocaine, totaling 13.5 grams.  The cocaine has been tested.  Another individual was present with Watson at each transaction, and on three occasions the third individual was the same person.  Also, on one occasion the CI told Watson that if Watson was unable to provide crack cocaine, the CI could obtain it from another person, and Watson responded that he also sold crack cocaine to that person.  (Filing No. 31, at 15-16.)

The parties did not enter into a plea agreement.  Under oath, Watson completed the Petition to Enter a Plea of Guilty and stated: he is guilty of the offense; he "possessed user amounts of crack & sold it @ face value to another user"; and he was voluntarily pleading guilty.  His answers in the Petition all suggest that his plea was knowing and voluntary.  (Filing No. 28.)

Watson then filed a motion to withdraw his guilty plea slightly more than two months following his plea.

## DISCUSSION

Watson argues that he is entitled to withdraw his plea because the government failed to give him the CI's criminal history in a timely manner.  Specifically, Watson argues

---

[1] The record does not specifically reflect the parties' intent with respect to Counts II through V.  However, it appears that those counts will be dismissed as the parties did not object to the entry of a sentencing schedule and anticipate the September 9, 2010, sentencing hearing.

2

that active misdemeanor warrants were out for the CI while the CI was working for the government in this case and that more recently two felony warrants were issued for the CI, whose whereabouts are now unknown. Watson argues the information was discoverable under *Brady* and the information would place the CI's credibility in doubt. Watson claims that video depictions of the buys were supplied, but the videos do not show the exchange of money or drugs. Watson claims that the only piece of evidence placing him at the drug transactions consists of the CI's testimony.[2] (Filing No. 30, at 3.) Finally, Watson argues that the motion is crucial given the recent passing of the Fair Sentencing Act of 2010 ("Act"), Pub. L. No. 111-220 (Aug. 3, 2010), that reduces the crack cocaine disparity, as the 13.5 grams stated to be attributed to Watson do not trigger the 5-year mandatory minimum sentence under the Act.

Before sentencing, a defendant may withdraw a plea if a "fair and just reason" is shown. *United States v. Avila-Luna,* 2010 WL 2993809, at *1 (8th Cir. 2010); Fed. R. Crim. P. 11(d). If a fair and just reason is shown, then the Court "'should also consider whether the defendant has asserted his innocence to the charge, the length of time between the guilty plea and the motion to withdraw, and whether the government will be prejudiced by the withdrawal.'" *Id.* (quoting *United States v. Austin,* 413 F.3d 856, 857 (8th Cir. 2005)). Although a defendant moving to withdraw a guilty plea before sentencing is entitled to "more liberal consideration," a defendant has no right to do so. *United States v. McMullin,* 346 Fed. Appx. 132, at **1 (8th Cir. 2009) (citing *United States v. Gray,* 152 F.3d 816, 819 (8th Cir. 1998)).

---

[2] Watson does not address the third parties present at the drug transactions.

3

Watson's argument that the information regarding the CI's criminal history is discoverable immediately under *Brady* is misplaced. Assuming for the sake of argument that the information in question is discoverable under *Brady*,[3] pretrial disclosure is not required as long as disclosure is made in time for the defense to make use of the information. *United States v. Kime,* 99 F.3d 870, 882 (8th Cir. 1996) (quoting *Nassar v. Sissel,* 792 F.2d 119, 121 (8th Cir. 1986)). In this case, that time would be the cross-examination of the CI at trial. *United States v. Williams,* 194 F.3d 886, 889 (8th Cir. 1999). The government intended to disclose the information even earlier, ten days before trial. Therefore, Watson has not shown a fair and just reason justifying the withdrawal of his plea.

Assuming for the sake of argument, however, that Watson has shown a fair and just reason for the withdrawal of his plea, the Court will briefly address the additional relevant factors. Watson has not asserted his innocence to the charge; rather, he argues that he has discovered information relating to the CI's credibility that would seriously affect the strength of the government's case. Watson's motion was filed slightly more than two months after he pleaded guilty and one month prior to sentencing. It appears that the information was available and therefore could have been investigated by the defense prior to Watson's decision to plead guilty. Assuming that in fact the CI's whereabouts are unknown, the government could be prejudiced by a withdrawal of the plea. These factors do not support withdrawal of Watson's guilty plea.

---

[3]The CI's record appears to be *Giglio* material. *United States v. Morton,* 412 F.3d 901, 906 (8th Cir. 2005) (the government is obligated to disclose matters affecting the credibility of a government witness if the witness testifies).

For these reasons,

IT IS ORDERED that the Defendant's motion to withdraw his guilty plea and request for a hearing (Filing No. 29) is denied.

DATED this 2nd day of September, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

5